UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:12-cr-00261-JA-KRS-1

UNITED STATES OF AMERICA,

        Plaintiff,

v.

BRUCE LEE JENNINGS

        Defendant.
_____/

## DEFENDANT'S OBJECTIONS TO THE
## PRE-SENTENCE INVESTIGATION REPORT

DEFENDANT, BRUCE LEE JENNINGS, through counsel, respectfully submits his objections to the Pre-sentence Investigation Report, (PSI), and states:

Objection to U.S.S.G. § 2G2.2(b)(4) Enhancement

At paragraph 40 of the PSI, Mr. Jennings is assessed a 4-level enhancement pursuant to U.S.S.G. § 2G2.2(b)(4), on the purported ground that he possessed material that portrays sadistic or masochistic conduct or other depictions of violence. Jennings objects to that enhancement unless and until the Government identifies the material which purportedly justifies application of that enhancement provision. Jennings is unable to take a substantive position without knowing the particular image(s) upon which the PSI writer is relying.

Objection to Application of the Section 2G2.2 Guidelines for
Failure to Appropriately Advance the Statutory Purposes of Sentencing

Recently, the United States Sentencing Commission issued a report of "a multi-year process in which [it] examined cases of offenders sentenced under the federal sentencing guidelines and corresponding penal statutes concerning child pornography offenses." Report to Congress: Federal Child Pornography Offenses, United States Sentencing Commission, (December 2012), at p. i. "The purpose of [the] report is to contribute to the ongoing assessment by Congress and the various

stakeholders in the federal criminal justice system regarding how federal child pornography offenders are [*inter alia*] prosecuted [and] sentenced." *Id.*

The relevant findings and conclusions reflected in the report include the observation that "there is a growing belief among many interested parties that the existing sentencing scheme in non-production cases fails to distinguish adequately among offenders based on degree of culpability and dangerousness." *Id.,* at p. 331. Further, the report concludes that "[t]he current guideline produces overly severe sentencing ranges for some offenders ... [and that a] revised guideline that more fully accounts for ... the full range of an offender's collecting behavior, the degree of his involvement in a child pornography community, and any history of sexually dangerous behavior – would better promote proportionate sentences and reflect the statutory purposes of sentencing." *Id.*

Because Jennings' involvement in the child pornography community was *diminimus* and because he has no history of sexually dangerous behavior, he respectfully submits that his is one of the cases where the guidelines produce the sort of overly severe sentence that is referenced in the Sentencing Commission's report and thus that the sentence called for in his PSI fails to serve the proper purposes of sentencing. Jennings therefore interposes a general objection to application of the child pornography guidelines in his case.

<u>Objection to Application of the Section 2G2.2 Guidelines for Violating
the Eighth Amendment Prohibition of Cruel and Unusual Punishment</u>

The Eighth Amendment to the United States Constitution prohibits the infliction of cruel and unusual punishment. U.S. Const. amd. 8. As set forth above, the Sentencing Commission itself has acknowledged that the child pornography guidelines produce overly severe sentences, as currently constituted. Therefore, the provisions to which Jennings is being subjected not only violate the statutory purposes of sentencing, but also violate the constitutional prohibition against cruel and unusual punishment. Jennings therefore objects.

Objection to Paragraph 99

Finally, Jennings objects to the PSI writer's assertion, at paragraph 99 of the PSI, that the probation office has not identified any factors that may warrant a departure from the advisory guidelines. There are a number of factors which warrant a downward departure, not the least of which is that the Sentencing Commission has issued a report finding application of the child pornography provisions to be overly harsh in certain circumstances, which include the circumstances present in Jennings' case. Jennings will articulate all of the grounds for departure he believes applicable to his case in his sentencing memorandum.

WHEREFORE, Mr. Jennings respectfully objects to the Pre-sentence Investigation Report.

Respectfully submitted,

*David A. Howard*
David A. Howard, Esq.
Counsel for the Defendant
25 SE 2nd Ave,. Ste. 1100
Miami, FL 33131

**CERTIFICATE OF SERVICE**

I DO HEREBY CERTIFY that a true and correct copy of the foregoing was served upon all parties of record on this 16th day of April, 2013, *via* the court's CM/ECF, electronic filing system.

*David A. Howard*
David A. Howard