# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 6:12-cr-261-Orl-28KRS

BRUCE LEE JENNINGS

_____/

## MOTION TO HAVE INNOCENT THIRD PARTY SPOUSE JOANNE JENNINGS RECOGNIZED AS CRIME VICTIM PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION 3771 AND INCORPORATED MEMORANDUM OF LAW

JOANNE JENNINGS moves this Court, pursuant to Title 18, United States Code, Section 3771, for an order establishing JOANNE JENNINGS as victim of the offense to which defendant BRUCE LEE JENNINGS (hereinafter "defendant") has pled guilty, and states: 1. JOANNE JENNNIGS is entitled to be recognized as "crime victim" pursuant to *18 U.S.C. §3771* (hereinafter the "Crime Victims' Rights Act" or "CVRA").

2. On or about October 22, 2012, the United States of America recorded the Government's Notice of Lis Pendens against the property located at 2689 Spruce Creek Blvd., Port Orange, Florida 32128 (the "Property"). At the time the Lis Pendes was recorded the record owners of the Property were defendant and JOANNE JENNINGS, as tenants by the entirety.

3. On January 31, 2013, defendant's plea of guilty was accepted by this Honorable District Court as to Counts one (1) and two (2) of the indictment.

4. What the defendant has admitted to is distribution of child pornography pursuant to *18 U.S.C, Section 2252A(a)(2)* and possession of child pornography pursuant to *18 U.S.C, Section 2252A(a)(5)*.

5. On or about January 31, 2013 defendant's sentencing was set for May 30, 2013.

6. On or about February 15, 2013 a Motion for preliminary order of forfeiture by the United States as to defendant was filed by USA Assistant Attorney, Nicole Andrejko, which was modified on February 19, 2013.

7. On or about February 20, 2013 a Motion for entry of preliminary order of forfeiture was filed by Assistant United States Attorney, Nicole Andrejko, as to defendant.

8. On or about February 20, 2013 the Preliminary Order of Forfeiture was entered against the defendant for the forfeiture of the Property.

9. On or about March 19, 2013 Notice of Forfeiture was given by the United States to Joanne M. Jennings c/o the undersigned counsel that on February 20, 2013, in the case of *United States v. Bruce Lee Jennings*, Criminal No. 6:12-cr-261-Orl-28KRS, the United States District Court for the Middle District of Florida entered a Preliminary Order for the forfeiture of the Property and that the United States intends to dispose of the forfeited Property in such manner as the United States Attorney General may direct, in accordance with the provisions of *18 U.S.C, Section 2253* and *21 U.S.C, Section 853(n)*, thereby taking JOANNE JENNING'S interest in the Property without compensation or restitution.

10. On or about March 19, 2013 Assistant United States Attorney, Nicole M. Andrejko agreed to not file a Motion to Strike JOANNE JENNINGS'S claim as untimely if her claim is filed within sixty (60) days from March 19, 2013, due to pending negotiation

efforts to resolve the matter without Court intervention, which process is currently underway.

11.     Defendant's sentencing is currently set before this Honorable Court on May 30, 2013.

12.     Pursuant to section (e) of the CVRA, a "crime victim" is defined, in relevant part, as "a person directly and proximately harmed as a result of the commission of a federal offense. But for the Defendant's conduct, the harm now visited upon the victim would not be sought by the Government.

13.     JOANNE JENNINGS was directly and proximately harmed by the offense to which defendant has pled guilty due to the above described and mentioned Notice of Forfeiture. Due to the harm JOANNE JENNINGS could potentially suffer (i.e., the loss of her property), JOANNE JENNINGS should be recognized as "crime victim" pursuant to the CVRA, and be entitled to restitution and all other relief the Court determines appropriate.

WHEREFORE, JOANNE JENNINGS'S respectfully requests that the Honorable Court enter an order recognizing JOANNE JENNINGS as crime victims under *18 U.S.C. §3771*.

## MEMORANDUM OF LAW

### JOANNE JENNINGS is Victim of the Crime Entitled to Restitution

Congress has provided that a "crime victim" has "[t]he right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing. . ." *18 U.S.C. §3771(a)(4)*. Also, a "crime victim" has "[t]he right to full and timely restitution as provided in law." *18 U.S.C. §3771(a)(6)*. Furthermore, pursuant to section

(d)(3) of the CVRA, "[t]he district court shall take up and decide any motion asserting a victim's right forthwith."

JOANNE JENNINGS files this motion in order to be properly recognized as crime victim so that she will be entitled to restitution as a result of defendant's plea of guilty to the above listed federal offenses.

Congress has defined a crime victim, in relevant part, as "a person directly and proximately harmed as a result of the commission of a federal offense. . . "*18 U.S.C. §3771(e)*. Therefore, under the CVRA, "a person must be directly harmed as a result of the offense and the harm must be proximate to the crime." United States v. Hunter, 2008 WL 53125 (D. Utah). Additionally, in order to determine who is a crime victim entitled to restitution, federal courts consider whether there is a "causal link" between a defendant's conduct and the harms suffered by the individuals. See United States v. Bunn, 277 Fed. Appx. 25, 2008 WL 1984258 (2nd Cir., May 6, 2008).

In the instant action, defendant has pled guilty to the above stated federal offenses. There has been no pecuniary gain by the defendant or JOANNE JENNINGS from the offenses committed. Additionally, JOANNE JENNINGS was innocent and had no knowledge either directly or indirectly of the offenses at issue in this matter or defendant's conduct. She is an innocent third party spouse. JOANNE JENNINGS had no participation in or knowledge of any criminal activities occurring on or in the vicinity of the Property. JOANNE JENNINGS had no knowledge that the Property was used to facilitate any criminal activities or criminal conduct committed by the defendant. None of the money that JOANNE JENNINGS made toward the maintenance, upkeep and

preservation associated with the Property was derived in any way from any criminal activity. Nor has JOANNE JENNINGS benefitted financially or in any other way from the criminal activity committed by the defendant.

JOANNE JENNINGS has a legal interest in the Property. Therefore, as a result of the legal interest of JOANNE JENNINGS in the forfeited PROPERTY, she is entitled to restitution.

## CONCLUSION

For the foregoing reasons, JOANNE JENNINGS respectfully requests that this Honorable Court enter an order pursuant to *18 U.S.C. §3771(d)(3)*, finding that JOANNE JENNINGS is victim entitled to restitution and/or entitled to the retain the Property in whole; and granting JOANNE JENNINGS restitution or entitlement to retain the Property in whole or any/and all other relief the Honorable Court deems just and proper.

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing on April 19, 2013, with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to NICOLE M. ANDREJKO, Assistant United States Attorney, (Nicole.Andrejko@usdoj.gov); DAVID A. HOWARD, David A. Howard, P.A., (david@davidhowardlaw.com), counsel for defendant; and Myrna Amelia Mesa, Special Assistant United States Attorney, US Attorney Office - FLM (myrna.mesa@usdoj.gov), counsel for plaintiff.

KISTEMAKER BUSINESS LAW GROUP
By: *ESK*
ERUM S. KISTEMAKER
Florida Bar No.: 389250
1651 N. Clyde Morris Blvd., Suite 2
Daytona Beach, FL 32117
Phone: 386-310-7997
Fax: 386-478-4425
ATTORNEY FOR J JENNINGS