UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA**

    v.                              Case No. 6:12-cr-261-Orl-28KRS
                                                  (Forfeiture)

**BRUCE LEE JENNINGS**

## UNITED STATES' MOTION FOR DISCOVERY IN THE ANCILLARY PROCEEDING

The United States of America, by and through the undersigned Assistant United States Attorney, hereby moves this Court, pursuant to Fed. R. Crim. P. 32.2(c)(1)(B), and 21 U.S.C. § 853(m), for an order permitting the United States to conduct discovery regarding the third-party petition filed by Joanne Jennings (Petitioner). Doc. 59. In particular, the United States requests the opportunity to take depositions, to require the production of documents and any designated material that is not privileged, including any book, paper, document, record, recording, or data, to obtain documents via subpoena from non-parties, and to submit written interrogatories and requests for admissions to Petitioner and any other third parties with relevant information bearing on Petitioner's third-party petition. In support of its motion for discovery, the United States submits the following memorandum of law.

## MEMORANDUM OF LAW

**I.     Statement of Facts**

1.     On August 22, 2012, a two count Indictment was returned.  Doc. 14.  Count One charged the defendant with distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(B).  Count Two charged the defendant with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  As the result of the offenses charged in Counts One and Two of the Indictment, the United States sought the forfeiture of the defendant's interest in any property, real or personal, used or intended to be used to commit or to promote the commission of such offense.  Doc. 14 at pp. 2-3.  Specifically, the United States sought to forfeit the real property located at 2689 Spruce Creek Blvd., Port Orange, FL 32128 ("Spruce Creek Property"), which was used in the commission of the charged offenses.

2.     On January 25, 2013, the United States filed a Notice of Maximum Penalty, Elements of Offense, Personalization of Elements and Factual Basis.  Doc. 43.  The factual basis details the acts which gave rise to the child pornography charges alleged in Counts One and Two of the Indictment.  See Doc. 43 at p. 4-13.

3.     On January 28, 2013, the defendant pled guilty to Counts One and Two of the Indictment without a plea agreement.  Doc. 44.  On January 31, 2013, the Court accepted his plea of guilty.  Doc. 50.

4. Thereafter, the Court entered a Preliminary Order of Forfeiture, finding that the United States had established the requisite nexus between the defendant's offenses of conviction and the Spruce Creek Property. Doc. 55.

5. On April 19, 2013, Joanne Jennings, the wife of the defendant, filed a third-party petition, pursuant to section 853(n), to determine her interest in the Spruce Creek Property. Doc. 59.

## II. Legal Argument

### A. Fed R. Crim. P. 32.2(c)(1)(B)

In this ancillary proceeding, Petitioner asserts a claim to the Spruce Creek Property, which the Court ordered the defendant to forfeit as a result of a finding that the real property facilitated the defendant's offenses of conviction. Rule 32.2(c)(1)(B) of the Federal Rules of Criminal Procedure, states:

> After disposing of any motion filed under Rule 32.2(c)(1)(A) and before conducting a hearing on the petition, the court may permit the parties to conduct discovery in accordance with the Federal Rules of Civil Procedure if the court determines that discovery is necessary or desirable to resolve factual issues. When discovery ends, a party may move for summary judgment under Federal Rule of Civil Procedure 56.

Fed R. Crim. P. 32.2(c)(1)(B).

Discovery in an ancillary proceeding is appropriate after the disposition of any dispositive motion under Rule 32.2(c)(1)(A), such as a motion to dismiss for lack of standing or failure to state a claim, and prior to any hearing on the Petitioner's claim. *See United States v. Marion,* 562 F.3d 1330, 1343 (11th Cir.

2009) ("Rule 32.2(c)(1)(B) permits the court to allow discovery '[a]fter disposing of any motion filed under Rule 32.2(c)(1)(A) and before conducting a hearing.'"). Accordingly, the United States now seeks to engage in discovery with the Petitioner.

The Court exercises wide discretion in authorizing discovery in ancillary proceedings. *See United States v. Moffitt, Zwerling & Kemler, P.C.*, 83 F.3d 660, 671 (4th Cir. 1996). Rule 32.2(c)(1)(B) provides that Rule 26 of the Federal Rules of Civil Procedure governs discovery in ancillary proceedings. Thus, parties may obtain discovery regarding any relevant matter that is not privileged. Moreover, the information sought need not be admissible, but must be "reasonably calculated" to lead to admissible evidence. Fed. R. Civ. P. 26(b)(1).

The government seeks discovery from the Petitioner concerning her claim that she has an interest in the Spruce Creek Property. Specifically, the United States would like to conduct discovery to determine whether there are any documents which would substantiate the Petitioner's allegations that she has an interest in the Spruce Creek Property by virtue of the defendant's will. Indeed, the undersigned has not seen any evidence that the Petitioner held a valid legal interest in the Spruce Creek Property until *after* the conduct giving rise to the forfeiture of the property occurred.[1]

---

[1] Public records indicate that the defendant solely owned the Spruce Creek Property until October 9, 2012, when he deeded an interest in the property to Petitioner. The defendant was indicted on October 10, 2012, after being arrested pursuant to a

Consequently, if the Petitioner did not have a valid legal interest in the property prior to the acts giving rise to the forfeiture, the Petitioner would have to establish that she was a bona fide purchaser for value without reason to believe the property was subject to forfeiture in order to prevail in these proceedings. *See* 21 U.S.C. § 853(n)(6)(B). Accordingly, the United States would like to conduct discovery to determine whether Petitioner gave anything of value for her interest in the Spruce Creek Property and to determine the extent of the Petitioner's knowledge of whether the property was subject to forfeiture at the time she acquired title to the property.

The United States believes that discovery is necessary to explore the Petitioner's claim to the Spruce Creek Property. To obtain this information, the United States seeks discovery in any manner authorized by the Federal Rules of Civil Procedure, including, but not limited to, depositions, interrogatories, request for admissions, non-party subpoenas and document demands. Upon conclusion of discovery, the United States anticipates filing a motion for summary judgment.

WHEREFORE, the United States requests that the Court issue an order under Fed. R. Crim. P. 32.2(c)(1)(B), authorizing discovery in accordance with the Federal Rules of Civil Procedure. Accordingly, the United States respectfully requests that the Court provide the parties with six months in which to conduct

---

complaint issued by this Court on or about September 15, 2012. *See* Doc. 1.

discovery and to file appropriate motions after the discovery period has concluded.

Respectfully submitted,

ROBERT E. O'NEILL
United States Attorney

By: s/Nicole M. Andrejko
Nicole M. Andrejko
Assistant United States Attorney
Florida Bar No. 0820601
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
Facsimile: (407) 648-7643
E-Mail: Nicole.Andrejko@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Erum S. Kistemaker, Esquire

s/Nicole M. Andrejko
Nicole M. Andrejko
Assistant United States Attorney
Florida Bar No. 0820601
400 West Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
Facsimile: (407) 648-7643
E-Mail: Nicole.Andrejko@usdoj.gov