UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION



UNITED STATES OF AMERICA

v.  Case No. 6:12-cr-261-Orl-28KRS
(Forfeiture)

BRUCE LEE JENNINGS

## STIPULATION FOR SETTLEMENT

It is hereby stipulated by and between the plaintiff, United States of America, Claimant Joanne Jennings, and the Defendant, by and through their respective attorneys, as follows:

1. That Claimant Joanne Jennings and Defendant Bruce Jennings, as husband and wife, owning the property described below as tenants in the entirety, do hereby agree to voluntarily sell their property more fully described below in Paragraph 2 in order to compromise Joanne Jennings' claim set out in Doc. 59.

2. The property that is the subject of this Stipulation for Settlement is:

   **Address:**  2689 Spruce Creek Blvd., Port Orange, FL 32128

   **Legal:**  Lot 75, Spruce Creek Subdivision, Unit III-E, according to the map or plat thereof as recorded in plat Book 43, Pages 98 through 100, inclusive, public records of Volusia County, Florida

   **Parcel ID:**  31-16-33-01-00-0750

("the Property").

3. As part of this settlement agreement, the United States agrees to recognize Joanne Jennings' interest in the subject property as a tenant by the entirety

with the Defendant. As further part of this agreement, the Defendant agrees not to raise an excessive fine challenge to the forfeitures in this action.

4. The Parties hereto agree that the Defendant and Joanne Jennings shall market the Property for sale utilizing a realtor of their choice, and in connection therewith, will pay such realtor a normal fee for services rendered with respect to the sale of the Property, which should not exceed six (6) percent of the sale price. Joanne Jennings will provide a copy of the listing agreement to the United States.

5. Upon obtaining an offer to purchase the Property on terms and conditions acceptable to Joanne Jennings and the Defendant, Joanne Jennings will notify the United States through counsel in writing of the intended sale of the Property and, unless the United States objects to the sale in writing within 10 business days, Joanne Jennings and the Defendant will move forward toward closing the sale. Before the United States can approve the sale of the Property, Joanne Jennings shall provide the United States with the preliminary HUD-1 settlement statement. The United States will approve the sale of the Property provided that the sale price is commercially reasonable, i.e., equals the fair market value of the Property and the seller is obligated to pay only the usual and customary closing costs.

6. At closing, all valid mortgages and taxes, as described in Exhibit "A," will be paid off. The United States will provide a release of its lis pendens on the day of the closing.

7. The United States recognizes the Property as homestead exempt property and that Joanne Jennings and the Defendant have availed themselves of the benefit of the provisions of the Constitution and laws exempting property as a

homestead. As a result, under Florida law, the sale proceeds will be exempt from attachment and collection from all judgment creditors, other than the ones listed in Attachment A and the United States.

8. Joanne Jennings and the Defendant shall file a notice of homestead in the Public Records of Volusia County upon the execution of the contract to sell, or commitment from a lender for a mortgage, on the homestead exempt Property pursuant to Florida Statutes Section 222.01.

9. After payment by Joanne Jennings and the Defendant of all reasonable closing costs associated with the sale, and the amounts set forth in paragraph 6, Joanne Jennings and the Defendant will pay the United States $500,000.00 from the sale of the property. In the event the sale of the property does not produce funds sufficient to pay the United States the full $500,000.00, the Defendant and Joanne Jennings will pay the United States the deficit through other means via a certified check within fifteen (15) days of the sale of the Property.

10. The United States will maintain the $500,000.00 in the Treasury Suspense Account pending the entry of a Final Order of Forfeiture, which will be entered upon the resolution of all third party claims, for the $500,000.00 tendered by Joanne Jennings and the Defendant in lieu of forfeiting the Property. The Defendant and Joanne Jennings consent to the entry of a Final Order of Forfeiture for the $500,000.00 in lieu of forfeiting the Property itself.

11. The Defendant and Joanne Jennings represent that this settlement is freely and voluntarily entered into without any degree of duress or compulsion whatsoever and agree unconditionally to release, hold harmless, acquit, and

discharge the United States, Homeland Security Investigations, and any agents, servants, and employees of the United States (or any state or local law enforcement) acting in their individual or official capacities, from any and all claims by the Defendant, Joanne Jennings and their successors, assignees, agents and employees from any and all claims, demands, causes of actions or suits, agreements, deposited sums, judgments, damages, losses of service, expenses of whatever kind and description, and whatsoever situated, that might now exist or hereafter exist by reason of or arising from the incidents or circumstances giving rise to the proceedings involving the forfeiture of the Property.

12. If the Property is not sold by the Defendant and Joanne Jennings within six months of the Defendant's sentencing, or the resolution of all other third party claims, whichever is later, the Defendant and Joanne Jennings agree to allow the United States to market and sell the Property. If the Property is not sold within six months of the Defendant's sentencing, or the resolution of all other third party claims, whichever is later, Joanne Jennings, the Defendant and the United States will execute a new settlement agreement outlining the terms of the new agreement for the United States to market and sell the Property.

13. Joanne Jennings, the Defendant and the United States each agree to bear their own litigation expenses, including, but not limited to, attorneys' fees, in the above-styled action. Joanne Jennings and the Defendant further waive any and all claims or rights that they may have pursuant to 28 U.S.C. § 2412 (the Equal Access to Justice Act) for attorneys' fees or other costs they incurred arising out the instant forfeiture action.

14. The parties agree to execute further documents, to the extent necessary, to sell the Property under the terms of this agreement and to further implement the terms of this settlement.

15. Further, this settlement agreement shall be filed with the United States District Court and the United States District Court retains jurisdiction to enforce the terms of Agreement.

**Joanne Jennings**

I have read foregoing amended agreement. I have carefully reviewed each and every part of the amended agreement. I fully understand to the terms and I voluntarily agree to them.

5-29-13
DATE

_____
Joanne Jennings

*Counsel for Joanne Jennings:*

5.29.13
DATE

_____
Erum S. Kistemaker, Esq.

**Bruce Lee Jennings**

I have read foregoing amended agreement. I have carefully reviewed each and every part of the amended agreement. I fully understand to the terms and I voluntarily agree to them.

5-29-13
DATE

_____
Bruce Lee Jennings

*Counsel for Bruce Lee Jennings:*

5-29-13
DATE

_____
David Howard, Esq.

5

United States of America

5/30/13
DATE

ROBERT E. O'NEILL
United States Attorney

By: *[signature]*
Nicole M. Andrejko
Assistant United States Attorney Florida
Bar No. 0820601
501 West Church Street, Suite 300
Orlando, FL 32805
Telephone: (407) 648-7500
Facsimile:   (407) 648-7643